UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VALIANT LEON WHITE, JR.,

    Plaintiff,

v.

UNKNOWN PERRON, et al.,

    Defendants.

_____/

Case No. 2:20-cv-247

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Perron, Behm, and Durant retaliated against him in violation of the First Amendment. The parties filed cross-motions for summary judgment (ECF Nos. 41 & 47). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that (1) Plaintiff's Motion for Summary Judgment be denied and (2) Defendants' Motion for Summary Judgment be granted in part and denied in part (ECF No. 71). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.[1] In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff filed objections (ECF No. 72) and amended objections (ECF Nos. 75 & 76), Defendants filed a response to Plaintiff's initial objections (ECF No. 74), and Plaintiff filed a reply (ECF No. 77).

In his objections, Plaintiff argues that the Magistrate Judge erred in determining that Defendant Durant did not take an adverse action against him. Defendant Durant was the Hearing Investigator on Plaintiff's misconduct. The record establishes that Defendant Durant submitted witness statements to the Hearing Officer that were favorable towards Plaintiff (ECF No. 56-3 at PageID.439-440). Contrary to Plaintiff's argument, there is no evidence that Defendant Durant committed any "forgery." Defendant Durant signed his own name below each witness statement and admits that he wrote the statements based on his conversations with the witnesses (ECF No. 48-4). Even if the witness statements submitted by Defendant Durant were not word-for-word the same as the type-written statements produced by the witnesses, the Court agrees with the Magistrate Judge that the submission of favorable witness statements in these circumstances would not deter a person of ordinary firmness from engaging in some form of protected conduct. Therefore, Plaintiff's objections are denied.

Plaintiff next argues that the Magistrate Judge erred in determining that Plaintiff's threat to file a grievance against Defendant Behm for using the internet at work for personal business was not protected conduct. The Magistrate Judge reasoned that the grievance would have been frivolous because the grieved conduct had no impact on Plaintiff. Despite this determination, the Magistrate Judge found that Plaintiff engaged in other protected conduct. Accordingly, the Court need not decide at the summary judgment stage whether Plaintiff's threat constituted protected conduct.

Plaintiff also argues that the Magistrate Judge erred in determining that Defendants were entitled to qualified immunity and/or sovereign immunity under the Eleventh Amendment. It is well established that an official-capacity defendant is absolutely immune from monetary damages under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989);

2

*Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Thus, Plaintiff's claims for damages against Defendants in their official capacity are barred by the Eleventh Amendment. Furthermore, a defendant is entitled to qualified immunity if no constitutional violation occurred. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). As explained above, Plaintiff's retaliation claim against Defendant Durant fails because there was no adverse act. Without an adverse act, there is no constitutional violation. Therefore, the Magistrate Judge correctly determined that Defendant Durant is entitled to qualified immunity.

Plaintiff finally argues that the Magistrate Judge erred in determining that genuine issues of material fact exist as to the retaliation claims against Defendants Perron and Behm. Plaintiff contends that Defendants are precluded from arguing that the misconduct was not false because the Hearing Officer already found Plaintiff not guilty. The Magistrate Judge correctly determined that factual issues exist. The record establishes that the Hearing Officer determined that there was insufficient evidence to find Plaintiff guilty of the misconduct (ECF No. 1-4 at PageID.42). He did not make any factual finding regarding whether the misconduct was "false" or whether the Defendants issued the misconduct in retaliation for Plaintiff's protected conduct. The Hearing Officer's not-guilty finding does not preclude Defendants from arguing that the misconduct was not false. Plaintiff has not shown that he is entitled to summary judgment on any of his claims.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the objections (ECF No. 72) and amended objections (ECF Nos. 75 & 76) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 71) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 47) is GRANTED IN PART and DENIED IN PART.  Plaintiff's claims against Defendants in their official capacities and the retaliation claim against Defendant Durant in his individual capacity are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 41) is DENIED.

This case will proceed on Plaintiff's retaliation claims against Defendants Perron and Behm in their individual capacities.

Dated:  May 16, 2023                                 /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge